IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIENNE BROADBEAR,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN P. EARLY,<br><br>    Defendant. | Case No. 20-cv-08060-MMC<br><br>**ORDER AFFORDING PARTIES LEAVE TO FILE SUPPLEMENTAL BRIEFING; CONTINUING HEARING ON DEFENDANT'S MOTION TO COMPEL ARBITRATION; CONTINUING CASE MANAGEMENT CONFERENCE** |

    Before the Court is defendant John P. Early's "Motion to Compel Arbitration and Stay Action," filed November 30, 2020. Plaintiff Adrienne Broadbear has filed opposition, to which defendant has replied. Having read and considered the parties' respective written submissions, the Court finds it appropriate to afford the parties leave to file supplemental briefing, as discussed below.

    In the above-titled action, plaintiff, who rents an apartment in a building owned by defendant, asserts several claims arising from defendant's alleged failure to properly maintain the premises. By the instant motion, defendant seeks, under the Federal Arbitration Act ("FAA") and in light of a provision in the parties' rental agreement, an order compelling plaintiff to arbitrate plaintiff's claims. See 9 U.S.C. § 2 (providing "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract").

    Here, the parties dispute whether the rental agreement is a "contract evidencing a transaction involving commerce." See id.; see also Allied-Bruce Terminix Cos. v.

1  Dobson, 513 U.S. 265, 276-77 (1995) (holding FAA applies to agreements in which
2  parties thereto "engag[ed] in activity that affect[s] commerce") (internal quotation and
3  citation omitted).  Although, in their respective filings, the parties cite to cases in which
4  those courts were asked to consider whether specified types of activities affect
5  commerce, they cite no such authority as to the renting of residential property.  In
6  reviewing potentially relevant case law, however, the Court has located three cases that
7  would appear to bear on the issue, namely, Russell v. United States, 471 U.S. 858, 862
8  (1985), United States v. Gomez, 87 F.3d 1093, 1095-96 (9th Cir. 1996), and Chambless
9  Enterprises, LLC v. Redfield, 2020 WL 7588849, at 8 (W.D. La. December 22, 2020).

10  Accordingly, each of the parties is hereby afforded leave to file, no later than
11  January 18, 2021, a supplemental brief, not to exceed five pages in length, addressing
12  the above-referenced authorities, as well as any other authority not previously discussed
13  in the parties' respective briefing that may bear on the above-referenced question.
14  In light thereof, the hearing on defendant's motion to compel is hereby
15  CONTINUED to February 5, 2021, at 9:00 a.m.  Additionally, the Case Management
16  Conference is hereby CONTINUED from February 19, 2021, to March 19, 2021, at 10:30
17  a.m.; a Joint Case Management Statement shall be filed no later than March 12, 2021.
18  **IT IS SO ORDERED.**

20  Dated: January 4, 2021

MAXINE M. CHESNEY
United States District Judge